[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In Forma Pauperis Motion Attached

Carlton Theodore Landis

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

20cv50168
C Judge Rebecca R. Pallmeyer
C Magistrate Judge Iain D. Johnston

Warden Rivers

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

__✓__ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)
If this action is not proper under "Bivens," Plaintiff requests that
__✓__ OTHER (cite statute, if known) this Court liberally construe this complaint and allow this action
to proceed under the appropriate vehicle of action.

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

   A.   Name: Carlton Theodore Landis

   B.   List all aliases: Carlton Theodore Landers

   C.   Prisoner identification number: 24449-006

   D.   Place of present confinement: AUSP-Thomson

   E.   Address: P.O. Box 1001, Thomson, IL 61285

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A.   Defendant: Warden Rivers

        Title: Warden

        Place of Employment: AUSP-Thomson

   B.   Defendant: _____

        Title: _____

        Place of Employment: _____

   C.   Defendant: _____

        Title: _____

        Place of Employment: _____

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Landis v. M. Martin, et a. ; 3:19-CV-177-DPJ-FKB

B. Approximate date of filing lawsuit: March 15, 2019

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Carlton Theodore Landis

D. List all defendants: Martin, Crimaldi, Taylor, Evans, Rogers, Lott, Curry, and Singleton

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Mississippi

F. Name of judge to whom case was assigned: F. Keith Ball

G. Basic claim made: Deliberate indifference to medical needs and conditions of confinement

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): pending

I. Approximate date of disposition: N/A

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Plaintiff was transferred from USP-Lewisburg to AUSP-Thomson on July 30, 2019, due to the relocation of the Special Management Unit (SMU) of the Bureau of Prisons (BOP). Plaintiff was classified as a SMU-Failure, meaning that Plaintiff had not completed the SMU program within the requisite two-year time frame. As such, Plaintiff was sent to AUSP-Thomson pending a determination of appropriate institutional placement. Upon arrival at AUSP-Thomson, Plaintiff was lodged in the Special Housing Unit (SHU).

2. On July 31, 2019, Plaintiff participated in an intake-screening conducted by a case manager (name unknown). The intake-screening was supposed to assess Plaintiff for the purpose of determining Plaintiff's housing needs (i.e. Protective custody versus general population) by querying him in regard to his sexual orientation, prior cooperation, etc. Plaintiff clearly told the case manager that he had cooperated with authorities before, which led to Plaintiff being placed in protective custody at USP-Yazoo City and USP-Lewisburg, and that Plaintiff could not be assigned to recreate and cohabit with general-population inmates due to the fashionable hostility of these inmates toward informants. In spite of this revelation, as soon as Plaintiff exited the meeting, he was forced into the cell with an inmate who was openly adverse to informants, which incited an altercation between the inmate and Plaintiff. After the altercation

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Plaintiff was single-celled. It should be noted that during the intake screening the conductor told Plaintiff that protective custody was nonexistent at AUSP-Thomson.

3. On August 14, 2019, after being threatened by prison officials to be kept in physical restraints if he refused, Plaintiff was forced into cohabiting with an inmate openly hostile toward informants. The adverse inmate was also threatened to be maintained in physical restraints if he refused the cell assignment, so he agreed to cohabit with Plaintiff peacefully under the condition that we would part ways sometime in the near future. The division was precipitated a couple of weeks later after tensions mounted between the adverse inmate and a coterie of his anti-informant brethren due to his continued cohabitation with an enemy combatant (Plaintiff). Luckily, Plaintiff escaped the odious pairing unscathed, but this propitious outcome owed itself, in part, to Plaintiff's eventual open resistance to the adverse inmate's return to the cell, which led to prison officials reassigning the adverse inmate to another cell, thereby returning Plaintiff to single-cell status where Plaintiff remained for the next eight months without incident.

4. On or about March 26, 2020, Plaintiff was redesignated to the SMU at AUSP-Thomson, and Plaintiff was moved from the SHU (E-2) to a SMU housing unit (G-3). En route to the SMU housing unit, Plaintiff was accosted by Correctional Officer Maybury, against whom Plaintiff has a pending civil action (19-cv-50257), who threatened to give Plaintiff something to file a lawsuit about, as he was infuriated that Plaintiff had filed a civil suit against him. Once we arrived to the unit ("G-3"), C/O's Maybury, Walters, and Blackburn escorted Plaintiff to a cell that was occupied

(see attached)

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V.     Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks preliminary and permanent injunctive relief that compels Warden Rivers to (1) place Plaintiff in protective custody, (2) move Plaintiff out of the cell with inmate Ballard, (3) to only cohabit Plaintiff with compatible protective-custody inmates, (4) to only recreate Plaintiff with compatible protective-custody inmates, (5) to provide Plaintiff with medication for dandruff, allergies, pain, rashes, and stomach problems, (6) to remove Plaintiff's encumbrance, and/or (7) to allow Plaintiff to exhaust his admin. remedies about these issues.

VI.    The plaintiff demands that the case be tried by a jury. ☐ YES  ☑ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this **26th** day of **April** , 20 **20**

_____
(Signature of plaintiff or plaintiffs)

Carlton T. Landis
(Print name)

24449-056
(I.D. Number)
Administrative United States Penitentiary

P.O. Box 1001

Thomson, Illinois 61285
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. Lawsuits (Cont.)

A. Landis v. Ebbert, et al.; 1:19-CV-470

B. March 15, 2019

C. Carlton Theodore Landis

D. Ebbert, Konkle, Ormond, Conners, Hurwitz, B.O.P., Savidge, Langton, Sienkiewicz, Mayer, Condit, Hackenburg, Steese

E. Middle District of Pennsylvania

F. Christopher C. Connor

G. Deliberate indifference (recreation), Excessive force

H. Pending

I. N/A

A. Landis v. Lieutenant Wilson, et al; 1:19-CV-1301

B. July 20, 2019

C. Carlton Theodore Landis

D. Wilson, Scott, Beachel, Saylor, Troutman, Ordonez, Leonawicz, Dees, Mitterling, Barner, Ayers, Brown, Knigh, Ebbert, Konkle, Stroud, Earp, Ormond, Conners, Hurwitz, B.O.P.

E. Middle District of Pennsylvania

F. Christopher C. Connor

G. Excessive Force (restraints), Deliberate indifference (restraints)

H. Pending

I. N/A

A. Landis v. Lieutenant Murton, et al; 19-CV-50257

B. October 10, 2019

C. Carlton Theodore Landis

D. Murton, Erskine, Maybury, Rivers

E. Northern District of Illinois

7.

F. Rebecca R. Pallmeyer
G. Excessive force (restraints), Deliberate indifference (restraints)
H. Pending
I. N/A

A. Landis v. FBOP, et al ; 19-CV-50290
B. October 10, 2019
C. Carlton Theodore Landis
D. Bureau of Prisons, Office of Personnel Management, Bureau of Alcohol, Tobacco, and Firearms; Executive Office of U.S. Attorneys
E. Northern District of Illinois
F. Phillip G. Reinhard
G. F.O.I.A.
H. Pending
I. N/A

8.

IV. Statement of Claim (cont.)

by inmate Jerry Ballard, who had already told C/O Albertson when asked about our compatibility that we were not compatible due to Plaintiff's prior cooperation with federal authorities. Once inmate Ballard saw that the prison officials wanted us to cohabit, he verbally opposed the proposed assignment, telling C/O's Maybury, Waltert, and Blackburn that the cohabitation would not work because Plaintiff was a "rat." However, inmate Ballard's protestation was inconsequential, as C/O Waltert violently pushed Plaintiff inside of the cell, causing Plaintiff to crash into inmate Ballard and tumble onto the floor, where inmate Ballard, who had become enraged by the inadvertent collision, pounced on Plaintiff with a flurry of cephalic kicks that momentarily befogged Plaintiff's senses. Meanwhile, C/O's Maybury, Waltert, and Blackburn stood by as passive observers until the cell door closed, at which point both of us eventually uncuffed after being threatened to be put in physical restraints and beaten if we refused. Afterwards, the prison officials walked away from the cell in revelry, laughing and jesting at their self-created drama, and leaving Plaintiff to his own meager wits amidst a choleric adversary.

5. Plaintiff suffered swelling and contusions about the head area as a result of the altercation. Plaintiff has submitted several sick-call requests in reference to these injuries, but the requests have went unanswered.

6. To date, Plaintiff is still trapped in a celled hovel with an inmate, Jerry Ballard, bewitched with anti-informant sentiments, which has led to unfavorable, to say the least, consequences for Plaintiff. Plaintiff has been constantly bullied by said inmate, to include being battered for trifling acts such as talking loudly or moving noisely or provoking unwarranted suspicion; being compelled to perform menial tasks such as laundering his clothes and sheets and to incessantly clean the cell; and being forced to forfeit meals at the expense of his ravenous appetite. Additionally, Plaintiff is persistently pegged with perjorative verbiage aimed at degrading Plaintiff for having funneled information to the U.S. federal gestapo, better known as "the cops."

7. In order to get redress of this current oppression, Plaintiff has given cop-outs to Counselor Zumkohr, who has repeatedly refused to answer the cop-outs or to give Plaintiff grievances, Associate Warden Doerer, and the Captain, but Plaintiff still has not received responses from either of these officials since Plaintiff submitted the cop-outs

9.

over two weeks ago.

8. Plaintiff has been unable to lodge informal or formal grievances about the issues in this complaint because Counselor Zumkohr will not provide Plaintiff with the required forms. Since Plaintiff has been unable to get the required grievance forms, he has resorted to sending out cop-outs in order to get relief, but the cop-outs are never answered and Plaintiff is left to suffer. Moreover, what makes it worse is that Warden Rivers, or any of his executive staff, never makes rounds in our unit, which precludes Plaintiff from addressing these issues in a hierarchical manner. Plaintiff believes that Warden Rivers and his executive staff are strategically avoiding making rounds so that aggrieved inmates cannot voice their concerns about, for instance, being rampantly and viciously beaten by prison officials; it would also serve to explain why Counselor Zumkohr feels so comfortable not giving Plaintiff and other inmates grievances, particularly when they concern staff misconduct.

9. As a further consequence of being denied protective-custody status, Plaintiff has been, and will continue to be, assigned to recreate with inmates hostile to Plaintiff's prior cooperation with federal authorities, which will provoke violence between Plaintiff and those inmates, who have already threatened to attack Plaintiff if he decides to attend recreation as many of them are privy to Plaintiff's prior cooperation. This portentous threat of danger has prevented, and will continue to prevent, Plaintiff from attending recreation. Consequently, Plaintiff will be deprived of meaningful exercise in far more excess of the month he has already been deprived of it, if this Court does not intervene to compel Defendant Rivers to protect Plaintiff.

10. As evidenced by the attached In Forma Pauperis Application, Plaintiff has a current account balance of $293.77, but these funds are encumbered due to multiple disciplinary sanctions, which have further indebted Plaintiff to the extent that his available balance is $(225.00). Plaintiff's account has been encumbered at $293.77 for about two years, meaning that Plaintiff has not received any funds within that time span. Even though Plaintiff's available account balance has been at $0 or less for about two years, which means that Plaintiff has not had any money to spend for about two years, the medical department at AUSP-Thomson has refused to provide Plaintiff with medication for dandruff,

10.

allergies, pain, rashes, and stomach problems, all of which plaintiff suffers from regularly. The medical department awkwardly claims that because Plaintiff has encumbered funds on his account, he does not qualify as indigent and, consequently, the medical department cannot provide Plaintiff with OTC medications to treat the problems. Basically, the medical department has opined that if Plaintiff does not pay the encumbrance, he cannot get any medication for these problems. Plaintiff has filed several informal grievances about the issue, but the medical department refused to respond to these informal grievances, which has precluded Plaintiff from filing a formal grievance, as an informal response is a prerequisite to filing a formal grievance.

11. As Plaintiff only seeks injunctive relief in this action, Warden Rivers is the appropriate Defendant, as he is in a position to deliver to Plaintiff the injunctive relief he requests herein.

11.